FILED
APR 04 2025
KATHRYN REVETTE
WAYNE CO., MISS.

IN THE CIRCUIT COURT OF WAYNE COUNTY, MISSISSIPPI

**RONNIE JO JAMES**                                                                 **PLAINTIFFS**

**VERSUS**                                            **CIVIL ACTION NO. CV-2024-149-C**

**WAYNE COUNTY, MISSISSIPPI,**
**d/b/a Wayne County Adult Detention Center;**
**SHERIFF JODY ASHLEY; DALE IVY;**
**ERIC JONES; and JOHN OR JANE DOES 1-10**                  **DEFENDANTS**

## SECOND AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Ronnie Jo James, by and through his attorneys, Reeves & Mestayer, PLLC, and would respectfully state and show unto this Honorable Court the following, to-wit:

### PARTIES

1.      Plaintiff, Ronnie Jo James hereafter referred to as "James", is an adult resident citizen of Wayne County, Mississippi.

2.      Defendant, Wayne County is a political subdivision of the State of Mississippi acting through its Board of Supervisors and may be served with process by delivering a copy of the summons and complaint upon the Board of Supervisors President, Wayne County Courthouse located at 609 Azalea Drive, Waynesboro, Mississippi 39367.

3.      Defendant, Sheriff Jody Ashley, is an adult resident citizen of Wayne County, Mississippi. At all pertinent and relevant times herein, Jody Ashley was employed as the Sheriff and responsible for the policies, practices and customs of the

1

EXHIBIT 3

Wayne County Sheriff's Department and the Adult Detention Center, as well as the hiring, training, control, supervision, and discipline of its deputies and employees.

4. Defendant, Dale Ivy, is an adult resident citizen of Clarke County, Mississippi, and was the Jail Administrator employed by or otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Dale Ivy was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Wayne County Sheriff's Department. Dale Ivy is being joined in his representative capacity because the acts complained of herein are ones for which the Wayne County Sheriff's Department will be liable. Additionally, Dale Ivy is made a Defendant in his individual capacity for any acts he is liable for which may fall outside the course and scope of his employment, if any.

5. Defendant, Eric Jones, is an adult resident citizen of Wayne County, Mississippi, and was the Assistant Jail Administrator employed by and otherwise acting as an agent for and on behalf of Wayne County and/or Wayne County Sheriff's Department. At all relevant times, Eric Jones was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the state of Mississippi and/or the Wayne County Sheriff's Department. Eric Jones is being joined in his representative capacity because the acts complained of herein are ones for which the Waynes County Sheriff's Department will be liable. Additionally, Eric Jones is made a Defendant in his individual capacity for any acts he is liable for which may fall outside the course and scope of his employment, if any.

6. Defendants John or Jane Does 1-10 are fictitious corporations, entities, or persons whose real names and business addresses are unknown to Plaintiff at this time but whose real names and addresses will be made a part of this Complaint at such time as they do become known to the Plaintiff, and at which time process of this Court may be served on such parties. These Defendants' negligent, gross negligent, reckless, intentional, and/or fraudulent conduct was a proximate cause of the Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to the Mississippi Constitution and the Laws of the State of Mississippi including Article 6 § 156 of the Mississippi Constitution 1890 and/or Miss. Code Ann. § 9-7-81 and Miss. Code Ann. § 11-46-13.

8. This Court has personal jurisdiction over the parties as all parties have sufficient minimum contacts with the State of Mississippi.

9. Venue is appropriate in this Court pursuant to Miss. Code Ann. § 11-46-13 and Miss. Code Ann. § 11-11-3, as Wayne County, Mississippi, is the County where "substantial alleged act[s] or omission[s] occurred" and where "substantial event[s] that caused the [Plaintiff's] injury occurred".

## STATEMENT OF THE RELEVANT FACTS

11. Ronnie Jo James was arrested and detained in the Wayne County Detention Center, Unit B118 on May 6, 2023.

12. On May 10, 2023, James began beating on the window complaining of not feeling well and Eric Jones found James passing out on the floor.

13. That morning Dale Ivy requested that inmates Stevens and Cochran roll James onto a mat and transport him from Unit B118 to Isolation Unit B130. The Plaintiff was unresponsive.

14. Next, Eric Jones went to Unit B130 and found James in pain and sweating and unresponsive.

15. At approximately 10:08 a.m., Eric Jones called Judge Chapman attempting to release him on his own recognizance. Again, the Plaintiff was unresponsive, but in custody.

16. Significant time passed and a second call was placed to Judge Chapman.

17. Eric Jones went again to Unit B130, but James was sweating, unresponsive, could not speak or move.

18. Eventually on May 10, 2023, an ambulance was called and arrived and transported James to Wayne General Hospital.

19. The Plaintiff suffered a stroke and closed head injury.

20. At which time, James was then transported from Wayne General Hospital by Life-Flight to USA University Hospital and placed in the care of the NSICU team.

21. As a result in the delay of appropriate medical care, James suffered physical and neurological injuries among other things which will be shown at trial.

## CONDITIONS PRECEDENT

22. All conditions precedent to the right of the Plaintiff to bring or maintain the

4

claims asserted herein have been performed, have occurred, or have been waived.

## ACTS OF AGENTS/EMPLOYERS/RATIFICATION

23. Each act or omission by each Defendant was committed by agents, servants, principals or vice-principals while in the course and scope of their employment and/or with full authority of Defendants and/or such act was later ratified, approved, or adopted by each Defendant.

## COUNT ONE – CIVIL RIGHTS CLAIM

## FAILURE TO PROVIDE ADEQUATE MEDICAL TREATMENT

### (As Against All Defendants)

24. The Plaintiff incorporates and re-alleges the preceding allegations as if fully restated herein.

25. Defendants demonstrated deliberate indifference to Plaintiff's serious medical needs. Defendants knew Plaintiff faced a substantial risk of serious bodily injury but disregarded that risk by failing to take reasonable steps to abate it. Defendants denied and delayed Plaintiff's access to medical care, refused to treat his needs, and/or ignored his complaints. The Defendants deliberate indifference in this context occurred when the Defendants subjectively know that the Plaintiff faced a substantial risk to his health but disregards that risk by failing to take reasonable measures to abate it. This includes refusing to treat the Plaintiff, ignoring complaints of a serious medical need by the Plaintiff and/or intentionally treating Plaintiff incorrectly. Further, the effects of the lapses of time while the Plaintiff was in distress reflects the subjective knowledge of serious harm, as well as deliberate indifference as to each individual Defendant.

5

26. Defendants' actions and/or inactions also violated Miss. Code Ann.§ 47-1-27, which provides that an official, guard, or employee who has custody of a county prisoner and maltreats any such county prisoner, or who knowingly permits such maltreatment, shall be guilty of a misdemeanor.

27. The actions set forth above violated Plaintiff's procedural and substantive due process rights secured by the Fourteenth Amendment to the United States Constitution.

28. As a result of the actions of Defendants, Plaintiff suffered physical pain and mental and emotional distress, neurological injuries among other things which will be shown at trial.

29. Plaintiff prays for the entry of judgment against Defendants jointly and severally for compensatory and punitive damages in an amount as proved at trial; for costs, expenses, and attorney's fees for this action; and such other and further relief as the Court deems just and proper

## COUNT TWO – CIVIL RIGHTS CLAIM
## FAILURE TO IMPLEMENT AND/OR ENFORCE POLICY
### (As Against Wayne County and Sheriff Ashley)

30. The Plaintiff incorporates and re-alleges the allegations contained in the preceding paragraphs as if fully restated herein.

31. At all relevant times, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, developed, implemented, enforced, encouraged, and sanctioned written and/or de facto policies, practices, and/or customs

concerning the provision of medical treatment at the Detention Center. It is clear that the Defendant engaged in a pattern of constitutional violations by untrained employees clearly demonstrating a deliberate indifference for purposes of failure to train. In short, the Defendants employees were not trained sufficiently on how to handle and adequately respond to medical emergencies and emerging medical emergencies in their care.

32. Prior to the incident involving Plaintiff, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, were made aware by corrections officers and/or employees and/or agents and/or representatives at the Detention Center of problems involving the provision of inadequate medical treatment to inmates as the Detention Center.

33. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, did not take any remedial actions to formulate policy or institute training that would prevent the provision of inadequate medical treatment to inmates at the Detention Center, to include Plaintiff.

34. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, failed to institute a policy of documentation and supervision concerning the provision of medical treatment that would have identified problems with the provision of medical treatment and prevented inadequate medical treatment from being provided to inmates at the Detention Center.

35. Acting under color of state law and pursuant to official policy, practice, or custom, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, intentionally, knowingly, and recklessly failed to supervise and

7

control on a continuing basis Wayne County employees and/or agents, thus allowing a provision of inadequate medical treatment to Plaintiff.

36. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, knew or should have known that, had they exercised their duties to supervise and control the medical personnel at the Detention Center, Plaintiff would not have been provided inadequate medical treatment.

37. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, could have, by the exercise of reasonable diligence, prevented the provision of inadequate medical care to Plaintiff but intentionally, knowingly, and recklessly failed to do so.

38. As a result of Defendant Sheriff Ashley and Defendant Wayne County's actions, Plaintiff suffered physical and mental/emotional injuries caused by the inadequate medical treatment provided by Wayne County's employees and/or agents.

39. Plaintiff demands judgment against Defendants for compensatory and punitive damages together with interest plus attorney's fees and costs, and such other relief as the Court deems just and equitable.

## COUNT THREE – VIOLATION OF DUE PROCESS

### (As Against Wayne County)

40. The Plaintiff incorporates and re-alleges the allegations contained in the preceding paragraphs as if fully restated herein.

41. The Due Process Clause of the Fourteenth Amendment to the United States

Constitution prohibits Wayne County from depriving any person of life, liberty, or process without due process of law.

42. Under federal law, constitutional due process protections apply to pretrial detainees.

43. Plaintiff was a pretrial detainee at all times relevant to the allegations contained in this Complaint.

44. Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, violated Plaintiff's due process rights by engaging in a pattern or practice of denying him access to adequate medical treatment.

45. Through the policies, procedures, and practices set forth above, Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, engaged in a pattern or practice of denying Plaintiff and other pretrial detainees at the Detention Center constitutionally required due process protections, including access to adequate medical treatment.

46. The actions and/or omissions of Defendant Sheriff Ashley and Defendant Wayne County, by and through its Board of Supervisors, constitute a pattern or practice of violations of the Fourteenth Amendment to the United States Constitution.

47. Defendant Sheriff Ashley and Defendant Wayne County's actions and/or omissions caused serious, irreparable, and lasting harm to pretrial detainees at the Wayne County Adult Detention Center, and the pretrial detainees will continue to suffer irreparable harm in the absence of relief.

48. Plaintiff requests this Court enter judgment declaring Defendants' policies, procedures, practices, and patterns of conduct violated the Fourteenth Amendment to the United States Constitution, enter judgment against Defendants jointly and severally for compensatory damages in an amount as proved at trial and for attorney's fees, costs and expenses, and such other and further relief as the Court deems just and proper.

## DAMAGES

57. Defendants, by their actions, as described in the above paragraphs, have caused the Plaintiff's emotional distress, physical injuries, financial loss, and pain and suffering, for which they are entitled to actual and compensatory damages under Mississippi common law and the statutes cited above, in addition to punitive damages as pled herein. The Plaintiff has also suffered the following damages, *inter alia*:

   a. Past, present, and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of good name, loss of respect from the community, fear and embarrassment, and injury to reputation, all of which Plaintiff suffered;

   b. Past, present, and future economic damages, including but not limited to medical bills, lost wages, loss of wage-earning capacity, relocation expenses and others;

   c. Attorney's fees and costs plus pre-judgment and post-judgment interest; and

   d. All other damages available under federal and state law, including punitive and/or exemplary damages

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ronnie Jo James, demands judgment of and from the Defendants in an amount that will reasonable compensate Plaintiff for his injuries and/or damages to include compensatory damages, in an amount determined at trial, as well as punitive damages, in an amount determined at trial, attorney's fees, and costs of these proceedings, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi, and any and all other relief this Honorable Court deems just, proper and equitable.

RESPECTFULLY SUBMITTED, this 2nd day of April, 2025.

**RONNIE JO JAMES, Plaintiff**

By: _____
MATTHEW MESTAYER, MSBN: 9646

Matthew Mestayer
REEVES & MESTAYER, PLLC
P. O. Drawer 1388
Biloxi, MS 39533
Telephone:  228.374.5151
Facsimile:   228.374.6630
mgm@rmlawcall.com